UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:

PACKARD SQUARE, LLC,   Case No. 17-cv-14089

       Debtor.   Paul D. Borman
                   United States District Judge

_____/

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

SPITTLER STRATEGIC SERVICES, LLC,
and BUILT FORM ARCHITECTURE, INC.,

       Appellants,   Bankr. Case No. 17-52483

v.   Thomas J. Tucker
    United States Bankruptcy Judge

CAN IV PACKARD SQUARE, LLC,

       Appellee.
_____/

OPINION AND ORDER DISMISSING THIS BANKRUPTCY
APPEAL FOR LACK OF STANDING

Appellants Spittler Strategic Services, LLC ("Spittler") and Built Form Architecture, Inc. ("Built Form")[1] seek to appeal one of aspect of United States

---

[1] Spittler and Built Form confusingly use the term "Appellants" and "Appellees" throughout the background section of their Response when referring not to themselves

1

Bankruptcy Judge Thomas J. Tucker's Order issued on October 13, 2017 in the underlying Chapter 11 case, *In re: Packard Square LLC*. (Bankr. Case No. 17-52483, ECF No. 145, 10/13/17 Order Denying Debtor's Turnover Motion; Granting Canyon's Cross-Motion; Dismissing Case, and Barring the Filing of Any New Bankruptcy Case by or Against the Debtor for a Period of Two Years) ("the Dismissal Order"). Spittler and Built Form, both of whom are creditors of the Debtor, Packard Square LLC ("Packard Square"), appeal that portion of Judge Tucker's October 13, 2017 Order "Barring the Filing of any New Bankruptcy Case by or Against the Debtor for a Period of Two Years." (ECF No. 1, Transmittal of Notice of Appeal at 1-2, PgID 2-3.) Appellee CAN IV Packard Square, LLC ("Canyon") now moves to dismiss the appeal for lack of Appellants' standing. The matter is fully briefed and the Court held a hearing on March 22, 2018. For the reasons that follow, the Court GRANTS the motion and DISMISSES the appeal.

---

as the Appellants in this appeal but to the Debtor in the underlying Bankruptcy proceeding, Packard Square LLC, who is not a party to this appeal, and is an appellant in separate appeal before this Court. Spittler and Built Form refer to several motions filed and actions taken in the Bankruptcy Court by "Appellant," referring to Packard Square, LLC, and "Appellee," referring to CAN IV Packard Square, LLC. (ECF No. 11, Appellants' Resp. 2-3.) On page 3 of the Response, Spittler and Built Form begin using the term "Appellants" to refer to themselves in this appeal. To be clear, Spittler and Built Form filed no motions or responses and did not appear at any hearings in the Bankruptcy Court, and took no action, other than filing a "concurrence" which was stricken from the record.

## I. FACTUAL BACKGROUND

On September 5, 2017, Packard Square filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. (ECF No. 1, Notice of Appeal, Ex. A, Opinion Regarding Debtor's Turnover Motion and Secured Creditor's Cross-Motion at 8, PgID 16) ("the Dismissal Opinion"). In summary, in October, 2014, Packard Square obtained a construction loan from Canyon in the principal amount of $53,783,184 to finance the construction of a 360,000 square foot mixed-use development project in Ann Arbor, Michigan. (Dismissal Opinion at 3, PgID 10.) On October 21, 2016, Canyon filed suit against Packard Square in Washtenaw County Circuit Court seeking the appointment of a receiver due to Packard Square's alleged failures to fulfill its obligations to complete construction and to maintain the property in a suitable condition. (Dismissal Opinion at 4, PgID 11) (the "state court case"). On November 1, 2016, the state court appointed McKinley, Incorporated as the receiver, and issued an Order giving the Receiver "broad authority over the Debtor's property and the Project, the purpose of which was to protect the interests of all interested parties in the property." (Dismissal Opinion at 6, PgID 13.)

As the Receiver took control of the Project, and before Packard Square filed for Chapter 11 protection, there was activity on the Project and ongoing litigation in the state court case, challenging among other things the appointment of McKinley as the

Receiver and challenging the Receiver's choice of O'Brien Construction Company, Inc. ("O'Brien") as the general contractor. (Dismissal Opinion at 7, PgID 14.) The state court ruled in favor of the Receiver and Packard Square appealed the receivership Order to the Michigan Court of Appeals. The Michigan Court of Appeals affirmed the trial court's order appointing the receiver in a per curiam opinion on January 23, 2018. *CAN IV Packard Square LLC v. Packard Square, LLC*, No. 335512, 2018 WL 521843 (Mich. Ct. App. Jan. 23, 2018). Litigation continued in the state trial court on various issues, including motions to increase the original loan amount, until Packard Square filed for protection under Chapter 11 on September 5, 2017. (Dismissal Opinion at 8, PgID 15.)

At the same time that Packard Square filed its Chapter 11 petition, it filed a motion entitled "First Day Emergency Motion for Order Directing Receiver to Turn Over All Property to Chapter 11 Debtor-in-Possession and Related Relief" ("the Turnover Motion") and a separate motion entitled "First Day Emergency Motion of the Debtor for Entry of Interim and Final Orders (i) Authorizing Debtor to Obtain Post-Petition Financing, (ii) Scheduling a Final Hearing, and (iii) Granting Certain Related Relief" ("the DIP Financing Motion"). Canyon also filed its "Emergency Cross-Motion to: (1) Excuse Receiver from Turnover Provisions; and (2) Suspend the Bankruptcy Case." (Dismissal Opinion at 1, PgID 8-9.)

4

The Bankruptcy Court held hearings on the Turnover Motion and on Canyon's Cross-Motion and on the DIP Financing Motion on September 13, 2017, and held an evidentiary hearing on the DIP Financing motion on September 19 and 20, 2017. (Dismissal Opinion at 2, PgID 9.) The Bankruptcy Court issued its Order on October 13, 2017 (1) denying the Turnover Motion; (2) granting in part Canyon's Cross-Motion; (3) dismissing the Bankruptcy case under 11 U.S.C. § 305(a)(1); and (4) barring the Debtor or any other person from filing any new bankruptcy case for a period of two years from the date of the Order. (Dismissal Order PgID 6-7.) Packard Square filed motions for reconsideration, which the Bankruptcy Court denied on December 1, 2017. (Bankr. ECF Nos. 178-180.)

Spittler and Built Form seek to appeal the Bankruptcy Court's two-year bar against bankruptcy filings.[2] Canyon now challenges, as a threshold matter, Spittler

---

[2] As a matter of note, the entirety of Judge Tucker's Dismissal Order, including the two-year bar on creditors that Spittler and Built Form seek to challenge here, was the subject of a separate appeal that was pending before this Court, *Packard Square LLC v. CAN IV Packard Square LLC*, No. 17-cv-14078, and that has been resolved in an Opinion and Order affirming Judge Tucker's dismissal of the underlying Chapter 11 proceeding. Packard Square argued in the main appeal that Judge Tucker abused his discretion in entering the two-year bar. Thus, the issue of the bar on creditors was specifically addressed in the Notice of Appeal and in the briefing in that appeal, as acknowledged by Spittler and Built Form in their responsive brief: "The Appellants, as creditors of Packard Square, have appealed from the Bankruptcy Court's order barring creditors from filing an involuntary petition for two years, while Packard Square has appealed from the entire Order." (ECF No. 11, Appellant's Resp. 3.) Judge Tucker's Dismissal Order has now been affirmed and the two-year bar upheld.

and Built Form's standing, as creditors who did not participate in the Bankruptcy Proceedings and who have demonstrated no immediate pecuniary harm resulting from Judge Tucker's Order, to appeal any aspect of that Order.

## II. LEGAL STANDARD AND ANALYSIS

"To appeal from an order of the bankruptcy court, appellants must have been directly and adversely affected pecuniarily by the order." *Fidelity Bank, Nat'l Assoc. v. M.M. Group, Inc.*, 77 F.3d 880, 882 (6th Cir. 1996). "This principle, also known as the "person aggrieved" doctrine, limits standing to persons with a financial stake in the bankruptcy court's order." *Id*. "Only when the order directly diminishes a person's property, increases his burdens, or impairs his rights will he have standing to appeal." *Id.* "Whether an appellant is a person aggrieved is a question of fact for the district court." *Id*. Interests that are "remote and consequential rather than direct and immediate," are "insufficient to confer standing." *Id*. at 883. "Appellate standing in bankruptcy cases is more limited than Article III standing or the prudential requirements associated therewith." *In re Troutman Enterprises, Inc.*, 286 F.3d 359, 364 (6th Cir. 2002) (citing *In re PWS Holding Corp.*, 228 F.3d 224, 248 (3d Cir. 2000)). "In order to have standing to appeal a bankruptcy court order, an appellant must have been 'directly and adversely affected pecuniarily by the order.'" *In re Troutman*, 286 F.3d at 364 (quoting *Fidelity Bank*, 77 F.3d at 882). *See also*

Bankruptcy Law Manual § 2.50 (5th ed.) ("The 'person aggrieved' requirement for standing to appeal from a bankruptcy court decision is even more stringent than the doctrine of Article III case or controversy standing . . . . [T]he person aggrieved test for standing to appeal bankruptcy court decisions demands a higher causal nexus between the act and the injury, and the appellant must show that it was directly and adversely affected pecuniarily by the order from which an attempted appeal is taken."). Finally, the broad "standing" to appear and be heard afforded creditors in a bankruptcy hearing does not extend to appeals of bankruptcy court orders. *See, e.g. In re PWS Holding Corp.*, 228 F.3d 224, 248-49 (3d Cir. 2000) ("Title 11 U.S.C. § 1109(b) – which provides that '[a] party in interest, including . . . a creditor . . . may raise and may appear and be heard on any issue in a case under this chapter" – confers broad standing at the trial level. However, courts do not extend that provision to appellate standing.")

Spittler and Built Form cannot meet the "person aggrieved" test. Their only action in the bankruptcy proceedings was filing a joint concurrence, on November 21, 2017, in support of Debtor Packard Square LLC's Motion for Reconsideration of the Court's Dismissal of Packard Square's Chapter 11 Bankruptcy. (Bankr. ECF No. 167, "Spittler Strategic Services and Built Form Architecture Concurrence in Support of Debtor Packard Square, LLC's Motion for Reconsideration of the Court's Dismissal

7

of Packard Square's Chapter 11 Bankruptcy.) The Bankruptcy Court struck this concurrence on December 1, 2017, because it "amount[ed] to a "response" to the to Debtor's Reconsideration Motions, and as such, [was] expressly prohibited" by Eastern District of Michigan local bankruptcy rules which, like the Eastern District of Michigan district court rules, prohibit the filing of responses to motions for reconsideration unless expressly ordered by the Court. (Bankr. ECF No. 177, 12/1/17 Order Striking the "Concurrences" Filed in Response to the Debtor's Motions for Reconsideration.) Thus, Spittler and Built Form filed nothing in the bankruptcy proceedings that became a matter of record in those proceedings and did not appear at any hearings.[3]

In their very brief Response to the motion to dismiss this appeal, Spittler and Built Form simply reiterate the standard for appealing a bankruptcy court order in a conclusory fashion, without any development of an argument explaining to the Court the immediacy of their interest and how they will be directly pecuniarily affected by

---

[3] In their stricken concurrence, Spittler and Built Form did not even address or in any way object to that portion of the Bankruptcy Court's October 13, 2017 Order on which they premise their appeal to this Court, i.e. the prohibition against any entity or individual filing an involuntary bankruptcy petition against the Debtor for a period of two years. The stricken "concurrence" filed by Spittler and Built Form in the bankruptcy proceedings focused solely on the bankruptcy court's dismissal of the Debtor's case, criticizing the state court receiver's "negligent" performance and opining that Packard Square had more incentive to finish the project quickly and at market rates than did the state court receiver.

the two year bar. In total, their two paragraph analysis is as follows:

> In this case, Appellants have been aggrieved by the Bankruptcy Court's order barring an involuntary petition because it impairs their rights and they have financial stake in the Bankruptcy Court's order barring an involuntary petition for two years. In short, under 11 U.S.C. § 303, the Appellants have the right to file an involuntary petition against Packard Square. This alone is an impairment of the Appellants' rights sufficient to provide them standing to appeal.
>
> Furthermore, the Appellants have been aggrieved because a reorganization under Chapter 11 bankruptcy will result in more money to Packard Square's creditors, including the Appellants. Thus, the Appellants have a financial stake in the Bankruptcy Court's order barring an involuntary petition. As a result, this Court must reject the Appellee's argument that the Appellants lack standing.

(Appellants' Resp. 4-5.)

The Appellants insist that the "test" for standing is simply whether the order "impairs their rights." Appellants ignore a crucial limitation on the impairment and that is that it be "direct" and "immediate." In essence, Appellants argue that they are aggrieved by the Bankruptcy Court's two-year bar because they may wish to file an involuntary petition sometime in the next two years and will be precluded from doing so by the Bankruptcy Court's Order. They offer no evidence of how the bar has had a "direct and immediate pecuniary impact" on them. Like the "possibility" of future litigation in *Fidelity Bank*, "this interest is remote and consequential rather than direct and immediate, and thus insufficient to confer standing." *Fidelity Bank*, 77 F.3d at

9

883. Spittler and Built Form remain free to pursue any grievances they may have against Packard Square in state court.

Finally, Appellants offer their unsubstantiated "opinion" that a reorganization under Chapter 11 will yield more money to Packard Square's creditors than a continuation of operations under the direction of the State court Receiver, and therefore, they argue, the bar on further bankruptcy filings affects their financial interests. Obviously, Judge Tucker disagreed with this assessment but in any event this is pure supposition on Appellants' part about the future efficacy of the state court Receivership, which cannot supply the requisite direct and immediate pecuniary harm required to establish standing to appeal the Bankruptcy Court's Order.

As a final note, even were the Court to find standing here and entertain the merits of the challenge to the two-year bar, this Court has affirmed Judge Tucker's October 13, 2017 Opinion and Order dismissing Packard Square's appeal and specifically has upheld Judge Tucker's decision to enter the two-year bar on refiling about which Spittler and Built Form complain here.

### III. CONCLUSION

Spittler and Built Form have failed to demonstrate that they have been directly and adversely affected pecuniarily by the Bankruptcy Court's Order October 13, 2017 Order. Accordingly, the Court GRANTS the motion to dismiss for lack of standing

and DISMISSES this appeal.

IT IS SO ORDERED.

        s/Paul D. Borman
        PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

Dated: May 11, 2018

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 11, 2018.

        s/Deborah Tofil
        Case Manager